UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:19-cv-10118-JFW-MAA            Date: December 12, 2019

Title: Nguyen v. Pollard

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     Order to Show Cause Why the Action Should Not Be Dismissed for Untimeliness

On November 26, 2019, the Court received and filed Petitioner Truonghai Thai Nguyen's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. ("Petition," ECF No. 1.) In 2001, in Los Angeles County Superior Court, Case No. NA050105, Petitioner was convicted of kidnapping, discharge of a firearm, and sexual battery, and sentenced to twenty-three years in state prison. (*See id.*) The California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court denied review. *People v. Nguyen*, No. B161817, 2003 Cal. App. Unpub. LEXIS 10355, at *17, 2003 WL 22476211, at *6 (Cal. Ct. App. Nov. 3, 2003); *People v. Nguyen*, No. S121086, 2004 Cal. LEXIS 230 (Cal. Jan. 14, 2004).[1] Over fifteen years later, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which denied the petition on July 11, 2019. (Petition at 2-3.) Petitioner then presented a habeas petition to the California Supreme Court, which denied said petition on October 9, 2019, citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998), for the proposition that "courts will not entertain habeas corpus claims that are untimely." *In re Nguyen*, No. S257031, 2019 Cal. LEXIS 7511 (Cal. Oct. 9, 2019). (*Accord* Petition at 3.)

---

[1] Petitioner does not provide information regarding these direct appeal proceedings in his Petition. The Court takes judicial notice of the dockets in Petitioner's postconviction appeals and habeas petitions: California Court of Appeal Case Nos. B161817 and B298895, and California Supreme Court Case Nos. S121086 and S257031. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

Petitioner then commenced this federal action. The Petition is dated October 29, 2019 (*see* Petition at 8), but Petitioner's proof of service indicates he submitted documents for mailing on November 18, 2019 (*see id.* at 30), and the envelope in which the Petition was mailed bears a postage stamp generated on November 21, 2019 (*see id.* at 278). For the purpose of this Order to Show Cause, the Court will assume the Petition was constructively filed on October 29, 2019. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010) ("Under the mailbox rule, a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." (citation and quotation marks omitted)); *accord* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. The Petition before this Court alleges a single ground for relief: the trial court failed to conduct a competency hearing pursuant to California Penal Code section 1368, depriving Petitioner of his constitutional and other rights. (Petition at 5, 11-15.)

District courts may consider *sua sponte* whether a state habeas petition is untimely and may dismiss a petition that is untimely on its face after providing the petitioner with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). As discussed below, setting aside the merits of Petitioner's claim for relief, the Petition appears to be untimely.

28 U.S.C. § 2244(d)(1) affords a state prisoner one year from the end of the direct appeal process to petition a federal court for a writ of habeas corpus. Here, Petitioner was sentenced on September 6, 2001. (*See* Petition at 2.) Though Petitioner indicates he first appealed his conviction in 2019 (*see id.* at 2-3), the Court has taken judicial notice of earlier appellate proceedings that concluded on January 14, 2004, when the California Supreme Court denied his petition for review. *People v. Nguyen*, No. S121086, 2004 Cal. LEXIS 230 (Cal. Jan. 14, 2004). Petitioner has not indicated that he filed a petition for writ of certiorari with the United States Supreme Court. Accordingly, for the purpose of federal habeas review, Petitioner's conviction appears to have become final on April 13, 2004, ninety days after the California Supreme Court's 2004 decision. *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009). Thus, absent any tolling, the deadline to file a federal habeas petition was April 13, 2005. If so, then the Petition, assumed to have been constructively filed on October 29, 2019, is untimely by over fourteen years.

The limitations period is statutorily tolled while any properly filed application for post-conviction relief is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). Additionally, so long as

the petitioner's initial state habeas petition is timely, the time between an adverse decision of a lower state court and the petitioner's timely application in a higher state court also is tolled. *See Valdez v. Montgomery*, 918 F.3d 687, 690 (9th Cir. 2019). The California Court of Appeal's website indicates that Petitioner filed a habeas petition in that court on July 8, 2019. (A copy of the docket is attached to this Order to Show Cause.) The Petition states that the California Supreme Court denied petitioner's latest habeas petition on June 11, 2019. (*See* Petition at 3.) Even if the Court assumed that Petitioner's state habeas petitions were properly filed, and that Petitioner was entitled to statutory tolling from July 8, 2019 to October 9, 2019, such tolling would not cure the federal Petition's untimeliness. The limitations period expired in 2005, years before Petitioner brought his first habeas petition in a state court. Thus, it appears that there was no extant limitations period that possibly could be tolled. *See, e.g.*, *Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." (quoting *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003))).

In addition to statutory tolling, the limitations period also may be subject to equitable tolling. Equitable tolling is appropriate if a petitioner can demonstrate (1) he has diligently pursued his rights and (2) some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is applied sparingly, and the threshold to trigger such tolling is high. *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Here, Petitioner has not alleged any facts in the Petition indicating that he may be entitled to equitable tolling.

Finally, in rare and extraordinary cases, a convincing showing of actual innocence may serve as a gateway through which a petitioner may pass to overcome the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The standard for a claim of actual innocence is demanding: a petitioner must "persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To bring a tenable claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not," and "makes a probabilistic determination about what reasonable, properly instructed jurors would do." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (alteration in original) (citations and quotation marks omitted). Unexplained or unjustified delay in presenting new evidence is "a factor in determining whether actual innocence has been reliably shown." *Perkins*, 569 U.S. at 387. Here,

the Petition does not identify any such new evidence, let alone provide evidence that casts serious doubt about the conviction and that would permit the Court to consider Petitioner's otherwise time-barred claim.

Absent further evidence, the Petition appears to be barred as untimely pursuant to 28 U.S.C. § 2244(d)(1). Petitioner is **ORDERED TO SHOW CAUSE** in writing no later than **January 13, 2020** why this Court should not recommend dismissal of this action as untimely.

Petitioner may satisfy this Order to Show Cause by filing a written response either (1) conceding that the action is untimely or (2) setting forth additional facts that would meet his burden to show (a) he is entitled to statutory tolling, (b) he is entitled to equitable tolling, or (c) new reliable evidence supports an allegation that he is actually innocent. *See, e.g.*, *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was [statutorily] tolled."); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (acknowledging that the petitioner bears the burden of proving equitable tolling is appropriate); *Lee*, 653 F.3d at 938 (acknowledging that the petitioner bears the burden to show actual innocence). After the Court receives Petitioner's response, the Court may prepare a Report and Recommendation of dismissal for submission to the District Judge. This Order to Show Cause is not dispositive of Petitioner's claim for habeas relief.

Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a). The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

**Petitioner expressly is cautioned that failure to respond timely to this Order to Show Cause will result in a recommendation that the Petition be dismissed for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for untimeliness pursuant to 28 U.S.C. § 2244(d)(1).**

It is so ordered.

Attachment:
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))