UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 2:19-cv-10118-JFW-MAA     Date: January 30, 2020

Title: Nguyen v. Pollard

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:     Attorneys Present for Defendants:
N/A                                   N/A

**Proceedings (In Chambers):** Second Order to Show Cause Why the Action Should Not Be Dismissed for Untimeliness

On November 26, 2019, the Court received and filed Petitioner Truonghai Thai Nguyen's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. ("Petition," ECF No. 1.) Observing that the Petition appeared to be untimely on its face, the Court ordered Petitioner to show cause why the action should not be dismissed as untimely. ("First OSC," ECF No. 5.) Although Petitioner requested an extension of time to respond to the First OSC, indicating his awareness of the Court's timeliness concerns (*see* ECF No. 6), Petitioner has not filed a direct response to the First OSC. Instead, on January 6, 2020, the Court received and filed another Petition for Writ of Habeas Corpus by a Person in State Custody, which the Court construes as Petitioner's First Amended Petition in this action. ("FAP," ECF Nos. 8 to 8-18.) As discussed in further detail below, the filing of the FAP does not assuage the Court's concerns regarding timeliness, and the Court further orders Petitioner to show cause why the action should not be dismissed.

In 2001, in Los Angeles County Superior Court, Case No. NA050105, Petitioner was convicted of kidnapping, discharge of a firearm, and sexual battery, and sentenced to twenty-three years in state prison. (*See* FAP, ECF No. 8, at 2.) The California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court denied review. *People v. Nguyen*, No. B161817, 2003 Cal. App. Unpub. LEXIS 10355, at *17, 2003 WL 22476211, at *6 (Cal. Ct. App. Nov. 3, 2003); *People v. Nguyen*, No. S121086, 2004 Cal. LEXIS 230 (Cal. Jan. 14, 2004).[1] Over

---

[1] Petitioner does not provide information regarding these direct appeal proceedings in his FAP. The Court takes judicial notice of the dockets in Petitioner's postconviction appeals and habeas petitions: California Court of Appeal Case Nos. B161817 and B298895, and California Supreme Court Case

fourteen years later, on March 27, 2018, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court. (FAP, ECF No. 8-2, at 35.) The Superior Court denied that petition and two subsequent, identical petitions. (*See id.* at 34-35.) Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal, which denied the petition on July 11, 2019. (FAP, ECF No. 8, at 2-3.) Petitioner then presented a habeas petition to the California Supreme Court, which denied said petition on October 9, 2019, citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998), for the proposition that "courts will not entertain habeas corpus claims that are untimely." *In re Nguyen*, No. S257031, 2019 Cal. LEXIS 7511 (Cal. Oct. 9, 2019). (*Accord* FAP, ECF No. 8, at 3.)

Petitioner then commenced this federal action. The original Petition alleged a single ground for relief: the trial court failed to conduct a competency hearing pursuant to California Penal Code section 1368, depriving Petitioner of his constitutional and other rights. (Petition at 5, 11-15.) The operative FAP, on the other hand, raises four grounds for relief: (1) "Petitioner who speaks little English cannot read or write English"; (2) "Petitioner has a serious mental illness and is a danger to himself"; (3) "Petitioner mentally ill, mentally insane prisoner transferred to State Hospital"; (4) "R.J. DONOVAN's staff member (Librarian v. Crim and c/o Garcia) siezed [sic] petitioner legal confidential privileged, medical record." (FAP, ECF No. 8, at 5-6.)

District courts may consider *sua sponte* whether a state habeas petition is untimely and may dismiss a petition that is untimely on its face after providing the petitioner with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). As discussed below, setting aside the merits of Petitioner's claims for relief, the Petition appears to be untimely.

The Petition is dated October 29, 2019 (*see* Petition at 8), but Petitioner's proof of service indicates he submitted documents for mailing on November 18, 2019 (*see id.* at 30), and the envelope in which the Petition was mailed bears a postage stamp generated on November 21, 2019 (*see id.* at 278). For the purpose of the First OSC, the Court assumed the Petition was constructively

---

Nos. S121086 and S257031. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

filed on October 29, 2019. (First OSC at 2.) *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010) ("Under the mailbox rule, a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." (citation and quotation marks omitted)); *accord* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. For the purpose of this Order, the Court assumes without deciding that the FAP's claims relate back to the Petition and benefit from the Petition's constructive filing date.[2]

28 U.S.C. § 2244(d)(1) affords a state prisoner one year from the end of the direct appeal process to petition a federal court for a writ of habeas corpus. Here, Petitioner was sentenced on September 6, 2001. (*See* FAP, ECF No. 8, at 2.) Though Petitioner indicates he first appealed his conviction in 2019 (*see id.* at 2-3), the Court has taken judicial notice of earlier appellate proceedings that concluded on January 14, 2004, when the California Supreme Court denied his petition for review. *People v. Nguyen*, No. S121086, 2004 Cal. LEXIS 230 (Cal. Jan. 14, 2004). Petitioner has not indicated that he filed a petition for writ of certiorari with the United States Supreme Court. Accordingly, for the purpose of federal habeas review, Petitioner's conviction appears to have become final on April 13, 2004, ninety days after the California Supreme Court's 2004 decision. *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009). Thus, absent any tolling, the deadline to file a federal habeas petition was April 13, 2005. If so, then the FAP's claims, assumed to have been constructively filed on October 29, 2019, are untimely by over fourteen years.

The limitations period is statutorily tolled while any properly filed application for post-conviction relief is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). Additionally, so long as the petitioner's initial state habeas petition is timely, the time between an adverse decision of a lower state court and the petitioner's timely application in a higher state court also is tolled. *See Valdez v. Montgomery*, 918 F.3d 687, 690 (9th Cir. 2019). A Los Angeles Superior Court order attached to the FAP indicates that Petitioner first presented a habeas petition to that court on March 27, 2018. (FAP, ECF No. 8-2, at 35.) The FAP states that the California Supreme Court denied petitioner's latest habeas petition on October 9, 2019. (*See* FAP, ECF No. 8, at 3.) Even if the Court assumed that Petitioner's state habeas petitions were properly filed, and that Petitioner was entitled to

---

[2] The Court notes, however, that the commencement of the limitation period must be evaluated on a claim-by-claim basis. *See Mardesich v. Cate*, 668 F.3d 1164, 1169-71 (9th Cir. 2012); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005). None of the claims presented in the FAP were presented in the original Petition. (*Compare* Petition at 5, *with* FAP, ECF No. 8, at 5-6.)

statutory tolling from March 27, 2018 to October 9, 2019, such tolling would not cure the federal Petition's untimeliness. The limitations period expired in 2005, over a decade before Petitioner brought his first habeas petition in a state court. Thus, it appears that there was no extant limitations period that possibly could be tolled. *See, e.g.*, *Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." (quoting *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003))).

In addition to statutory tolling, the limitations period also may be subject to equitable tolling. Equitable tolling is appropriate if a petitioner can demonstrate (1) he has diligently pursued his rights and (2) some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is applied sparingly, and the threshold to trigger such tolling is high. *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Here, one of Petitioner's substantive claims is that he is unable to speak, read, or write fluent English. (*See* FAP, ECF No. 8, at 5.) He also lodges a document showing the results of a reading comprehension test from 2004. (*See id.*, ECF No. 8-2, at 14.) "Lack of English proficiency can constitute an extraordinary circumstance for equitable tolling purposes, but only when the petitioner is unable to procure legal materials in his own language or to obtain translation assistance." *Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014). Petitioner has not shown that he was unable to obtain legal materials in his native tongue or to obtain translation assistance. Moreover, Petitioner also lodged with his FAP voluminous medical documentation of his mental illness. (*See generally* FAP, ECF Nos. 8-3 to -18.)[3] Under certain extraordinary circumstances, a petitioner's mental impairment may warrant equitable tolling. *See Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). However, the mere existence of a mental illness is insufficient to establish entitlement to equitable tolling. Although Petitioner offers plenty of evidence that he suffers from a mental illness,[4] nowhere does he

---

[3] Due to the sensitive nature of this information, the Court *sua sponte* **SEALS** these documents (ECF Nos. 8-3 to -18).

[4] Although the Court acknowledges Petitioner's history of mental impairment, at this time, the Court does not conclude that a substantial question exists regarding Petitioner's present mental competence. Petitioner's filings have demonstrated his understanding of the nature and potential consequences of this case. For example, upon receipt of the First OSC, Petitioner timely requested an extension of time to respond and provided cogent reasons for his request. (*See* ECF No. 6.) Petitioner also was capable of completing the district's form habeas petition, providing relevant responsive information. (*See, e.g.*, FAP, ECF No. 8, at 2 (providing information responsive to questions regarding Petitioner's conviction and sentence).) A medical document from December

allege or argue that his "mental incompetence in fact caused him to fail to meet the . . . filing deadline." *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003); *see also, e.g.*, *Gutierrez v. Foss*, No. 5:19-cv-00700-JGB (GJS), 2019 U.S. Dist. LEXIS 201729, at *24-25, 2019 WL 6135571, at *8 (C.D. Cal. Aug. 12, 2019) (collecting cases requiring a habeas petitioner seeking equitable tolling to "establish a causal connection between his mental illness and his failure to seek habeas relief on a timely basis"), *adopted*, 2019 U.S. Dist. LEXIS 201632, 2019 WL 6135032 (C.D. Cal. Nov. 19, 2019).  Petitioner has not offered any argument, let alone alleged any specific facts, establishing a causal connection between his mental illness and his failure to timely seek federal habeas relief.  On this record, Petitioner has not met his burden to show that he is entitled to equitable tolling of the statute of limitations.

Finally, in rare and extraordinary cases, a convincing showing of actual innocence may serve as a gateway through which a petitioner may pass to overcome the statute of limitations.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  The standard for a claim of actual innocence is demanding:  a petitioner must "persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  To bring a tenable claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not," and "makes a probabilistic determination about what reasonable, properly instructed jurors would do." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (alteration in original) (citations and quotation marks omitted).  Unexplained or unjustified delay in presenting new evidence is "a factor in determining whether actual innocence has been reliably shown." *Perkins*, 569 U.S. at 387.  Here, the FAP does not identify any such new evidence, let alone provide evidence that casts serious doubt about the conviction and that would permit the Court to consider Petitioner's otherwise time-barred claims.

---

2019 states that Petitioner is "focuse[d] on legal pursuits."  (FAP, ECF No. 8-18, at 11; *see also id.* at 16 ("[T]he Captain unassigned [Petitioner] from work duties 'so that [he] could work on [his] legal work.'").)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:19-cv-10118-JFW-MAA　　　　　　　　　　　　Date: January 30, 2020

Title:　　Nguyen v. Pollard

    Absent further evidence, the FAP appears to be barred as untimely pursuant to 28 U.S.C. § 2244(d)(1). Petitioner is **ORDERED TO SHOW CAUSE** in writing no later than **March 1, 2020** why this Court should not recommend dismissal of this action as untimely.

    Petitioner may satisfy this Order to Show Cause by filing a written response either (1) conceding that the action is untimely or (2) setting forth additional facts that would meet his burden to show (a) he is entitled to statutory tolling, (b) he is entitled to equitable tolling, or (c) new reliable evidence supports an allegation that he is actually innocent. *See, e.g.*, *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was [statutorily] tolled."); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (acknowledging that the petitioner bears the burden of proving equitable tolling is appropriate); *Lee*, 653 F.3d at 938 (acknowledging that the petitioner bears the burden to show actual innocence). After the Court receives Petitioner's response, the Court may prepare a Report and Recommendation of dismissal for submission to the District Judge. This Order to Show Cause is not dispositive of Petitioner's claims for habeas relief.

    Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a). The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

    **Petitioner expressly is cautioned that failure to respond timely to this Order to Show Cause will result in a recommendation that the FAP be dismissed for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for untimeliness pursuant to 28 U.S.C. § 2244(d)(1).**

    It is so ordered.

Attachment:
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))

**Time in Court:**　　0:00
**Initials of Preparer:**　　CSI